UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN LAVERTU and JENNIFER LAVERTU,

            Plaintiffs,

-against-

THE TOWN OF HUNTINGTON,

            Defendant.
------------------------------------------------------------X

**OPINION AND ORDER
13-CV-4378 (SJF)**

FEUERSTEIN, District Judge:

Before the Court is the Report and Recommendation ("Report") of Magistrate Judge William D. Wall, dated April 4, 2013, recommending that defendant Town of Huntington's motion to dismiss be granted as to plaintiffs' First Amendment and Due Process claims and denied as to plaintiffs' Equal Protection Claim. The Report also recommends that plaintiffs be given leave to replead. Both parties timely filed objections. For the following reasons, the Report is adopted to the extent set forth below and defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** in part and **DENIED** in part.

I.    **Case History**

On August 2, 2013, plaintiffs Jennifer LaVertu and John LaVertu ("plaintiffs") filed a complaint against defendant Town of Huntington ("Town") alleging that the Town violated their constitutional rights. Specifically, plaintiffs allege that after they released a video on YouTube opposing the Town's proposed housing project, the Town retaliated against them by releasing its own rebuttal YouTube video, targeting plaintiffs' home with baseless summonses and interfering with John LaVertu's plumbing license. The complaint alleges that the Town's retaliatory acts infringed upon plaintiffs' First Amendment, Equal Protection and Substantive Due Process

rights.

Defendant filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, which was referred to Magistrate Judge Wall to report and recommend. The Report recommends that defendant's motion to dismiss the case, pursuant to *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 692 (1978), be denied on the ground the complaint contains plausible allegations that a municipal custom or policy caused the violations. The Report also recommends that the case not be dismissed under the *Rooker-Feldman* doctrine.[1] As to plaintiff's First Amendment retaliation claim, Magistrate Judge Wall recommends it be dismissed without prejudice and that plaintiffs be permitted to replead to allege a concrete harm. As to plaintiffs' substantive due process claim, the Report recommends it be dismissed without prejudice on the ground it is unripe and that it be raised anew after final judgment by the Huntington Town Court, Third District. The Report also recommends that plaintiffs' equal protection claim go forward as a class-of-one violation based on the retaining wall summons.

## II. Discussion

### A. Standard of Review

Title 28 U.SC. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

---

[1] Pursuant to the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination" . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**B.     Analysis**

*Monell Liability*

Defendant objects to the Report's finding that plaintiffs stated a viable *Monell* claim on the ground plaintiffs failed to plead deprivation of a constitutional right or damages.

In a motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Kimbrough v. Town of Dewitt Police Dep't*, No. 03 Civ. 08, 2010 WL 3724121, at *3 (N.D.N.Y. Mar. 8, 2010) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint alleges that plaintiffs released their YouTube video opposing the housing project on January 28, 2011. Approximately eight days later, on February 5, 2011, the Town released its own video entitled "Huntington Speaks" using an alternative YouTube account. At the end, Huntington Town Council members take credit for the video, which publicized information about plaintiffs' real estate taxes. Compl. ¶¶ 17-21. Councilwoman Susan Bernard allegedly told plaintiffs that the rebuttal video was specifically made in response to plaintiffs' video criticizing the Town. *Id.* at ¶ 27.

On June 6, 2011, the Town voted on and approved a change in zoning to accommodate the housing project. *Id.* at ¶ 29. The next day, June 7, 2011, plaintiffs received a summons for a

stone retaining wall on the boundary line between plaintiffs and their neighbor, yet the neighbor was not ticketed. *Id.* at ¶ 32. After plaintiffs proved that the neighbors owned the wall, the summons against plaintiff was dismissed, however, the neighbor was not ticketed. *Id.* at ¶ 34.

On June 7, 2011, plaintiffs were also ticketed because they had no certificate of occupancy for their home. *Id.* at ¶ 35. On February 14, 2012, they requested a town inspection to obtain approval for a "letter-in-lieu" of a certificate of occupancy (the "Letter"). On February 21, 2012, the inspector issued a Final Inspection for Construction prior to 1934, which found that the structure was safe and the Letter was approved. *Id.* at ¶¶ 36, 37. According to the complaint, nearly eight (8) months later and without reason or justification, Jennifer LaVertu was advised that the inspector's Letter had been "discredited."[2] *Id.* at ¶ 38. On April 4, 2012, John LaVertu saw the inspector who approved the Letter who told plaintiff that he was being written up for not doing his job when he inspected plaintiffs' home and that the subsequent denial of the Letter was part of a "witch-hunt" against plaintiffs. *Id.* at ¶ 39. After speaking with the inspector, John LaVertu called the Town official, who advised plaintiff it was not safe to speak on his Town issued cell phone and that he would call plaintiff back from his private cell phone. *Id.* at ¶ 40. The Town official called plaintiff and advised him that the Town attorney, John Leo, had approached him and demanded the inspector be written up. The Town official vehemently disagreed with Mr. Leo, but Mr. Leo insisted, stating that it was an order from "higher ups," specifically Patricia DelCol, Deputy Supervisor for the Town of Huntington. *Id.* at ¶¶ 41, 42. The Town official stated, "in my 24 years I have never seen [the Town] go after anyone so

---

[2] Plaintiffs allege that Jennifer LaVertu found out nearly "eight (8) months" later that the letter-in-lieu had been discredited (Compl. ¶ 38), but according to the next allegation, John LaVertu saw the inspector on April 4, 2012 or approximately two (2) months after the inspection. *Id.* at ¶ 39.

strongly," in reference to plaintiffs. *Id.* at ¶ 43. After John LaVertu explained that plaintiffs thought the Town had retaliated against them after they objected to the housing project, the official stated, "yep, that is what they do, now I understand, but I have never seen them go after anyone like this." *Id.* at ¶ 44.

Accepting the foregoing as true, plaintiffs' allegations raise an inference that the Town had a policy or custom of targeting private citizens who criticized the Town's actions. Accordingly, that portion of the Report which recommends denying the Town's motion to dismiss this case based on *Monell* is adopted and defendant's objections are overruled.

### *First Amendment Retaliation Claim*

Plaintiffs object to the Report's recommendation that their First Amendment claim be dismissed without prejudice and they be permitted to replead to allege a concrete harm. They argue that the summonses issued for the retaining wall and certificate of occupancy constitute sufficient harm to sustain their retaliation claim.

To establish a retaliation claim under § 1983 in cases involving criticism of public officials by private citizens, a plaintiff must show that "(1) his conduct was protected by the First Amendment and (2) such conduct prompted or substantially caused defendant's action." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002) (internal citations omitted). In addition, the Second Circuit generally "impose[s] an actual chill requirement for First Amendment retaliation claims." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004). *See Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011) ("[P]rivate citizens claiming retaliation for their criticism of public officials have been required to show that they

suffered an 'actual chill' in their speech as a result.") (citing *Gill*, 389 F.3d at 381); *Spear v. Town of West Hempstead*, 954 F.2d 63, 68 (2d Cir. 1992) (First Amendment retaliation claim properly dismissed where plaintiff continued to speak out after government's allegedly adverse actions).

"However, in limited contexts, other forms of harm have been accepted in place of this 'actual chilling' requirement." *Zherka*, 634 F.3d at 645. Thus, the Second Circuit has described "the elements of a First Amendment retaliation claim in several ways, depending on the factual context." *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). *See Dougherty*, 282 F.3d at 91 (finding adequate harm where complaint alleged that plaintiff's building permit was revoked days after he opposed municipality's motion to dismiss); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 195 (2d Cir. 1994) (upholding retaliation claim where defendant municipality refused to enforce zoning laws on behalf of plaintiffs); *Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 371 n.17 (S.D.N.Y. 2011) (retaliation claim stated where plaintiff alleged that zoning board denied building permit and an unconditional variance in retaliation for prior litigation against municipality). "Despite these limited exceptions, as a general matter, First Amendment retaliation plaintiffs must typically allege 'actual chilling.' " *Zherka*, 634 F.3d at 645.

Plaintiffs contend that the fact that the Town cited them for the retaining wall, which actually belongs to their neighbors, is evidence of a concrete harm. Plaintiffs had to respond to the summons, execute a land survey and coordinate with the Town Inspector to prove that the

retaining wall was not theirs.[3] These allegations do not amount to First Amendment harm.

As to the summons for lack of a Certificate of Occupancy, plaintiffs advise the Court that the District Court of the County of Suffolk, Third District ("the Town court") dismissed the pending action against Jennifer LaVertu on her motion to vacate the Conditional Discharge and/or dismiss a Declaration of Delinquency. DE 21-2 p. 23. Because defendant objects to Magistrate Judge Wall's recommendation that the Court *sua sponte* grant plaintiffs leave to replead their First Amendment claim to allege a concrete harm, the recommendation is adopted to the extent that plaintiffs' First Amendment retaliation claim is dismissed without prejudice and if they choose, plaintiffs may move for leave to amend their complaint to give defendant an opportunity to oppose the motion.

### *Substantive Due Process Claim*

Plaintiffs object to the Report's recommendation that their substantive due process claim be dismissed without prejudice because the certificate of occupancy/Letter issues had not been decided by the town court. As discussed above, while this motion was pending, the Town court rendered a decision granting plaintiff Jennifer LaVertu's Town court motion and holding that she satisfied her promises in the Conditional Discharge. DE 21-2 p. 25. Plaintiffs' objections contain allegations about the decision that are not part of the complaint. Accordingly, the Report is adopted to the extent plaintiffs' Due Process claim is dismissed without prejudice.

---

[3] In their objections, plaintiffs argue that had plaintiffs failed to respond to the summons, a warrant would have issued for their arrests and they would have been imprisoned. DE 21 p. 8. They argue that Magistrate Judge Wall overlooked these scenarios by finding that the retaining wall summons was de minimus. *Id.* I disagree. First Amendment harm cannot be based on speculation or supposition.

*Equal Protection Claim*

Defendant objects to the Report's recommendation that plaintiffs' Equal Protection claim be allowed to proceed as a class-of-one action based on the summons for the retaining wall.

Defendant complains that the Report did not address *People v. Goodman*, 290 N.E.2d 139, 143 (N.Y. 1972), which held that a claim of discriminatory enforcement "should not be considered as an affirmative defense to [a] criminal charge . . . but, rather, should be addressed to the court before trial as a motion to dismiss the prosecution upon constitutional grounds." The Town argues that plaintiffs failed to make such a motion.

" 'By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.' " *Pilchman v. Dep't of Defense*, 154 F. Supp. 2d 415, 421 (E.D.N.Y. 2001) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994)). Because plaintiffs bring their equal protection claim pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, federal law applies to their claim and therefore, they were not required to bring a motion to dismiss in state court prior to filing their federal complaint.

As the remainder of defendant's objections lack merit, the Report's recommendation that defendant's motion to dismiss be denied as to plaintiff's equal protection claim is adopted and, accordingly, defendant's motion is denied as to this claim.

### III. Conclusion

For the foregoing reasons, the Report is adopted to the extent indicated and accordingly, defendant's motion to dismiss this case on *Monell* grounds is denied. The motion is also denied with respect to plaintiffs' Equal Protection claim. The motion is granted for failure to state a claim as to plaintiffs' First Amendment Retaliation and Due Process claims and those claims are

dismissed without prejudice.

**SO ORDERED.**

Dated: June 2, 2014
      Central Islip, New York

                                            s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein, U.S.D.J.