FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   NOV 24 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN LAVERTU and JENNIFER LAVERTU,

                Plaintiffs,

-against-

                                           OPINION AND ORDER
                                           13-CV-4378 (SJF)

THE TOWN OF HUNTINGTON,

                Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

      Before the Court is Magistrate Judge Steven I. Locke's Report and Recommendation, dated October 7, 2014, recommending that plaintiffs' motion to amend the complaint be granted in part and denied in part. Defendant timely filed objections, which plaintiffs opposed. For the following reasons, defendant's objections are overruled, the Report is adopted in its entirety and plaintiff's motion to amend the complaint is **GRANTED** in part and **DENIED** in part.

I.    **Case History**

      By complaint dated August 2, 2013, plaintiffs John and Jennifer LaVertu ("plaintiffs") allege that defendant Town of Huntington ("Town" or "defendant") retaliated against them by, *inter alia*, ticketing them for violating the Town's building code after plaintiffs posted a YouTube video criticizing defendant's proposed Avalon Bay housing project. Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which was referred to Magistrate Judge William D. Wall to report and recommend. By Report and Recommendation dated April 4, 2014, Magistrate Judge Wall recommended that defendant's motion be granted as to plaintiffs' First Amendment and Due Process claims, denied as to their *Monell* and Equal Protection claims and that plaintiffs be granted leave to amend their complaint, to which the parties timely filed

objections. By Order dated June 2, 1014, Magistrate Judge Wall's Report was adopted in part and plaintiffs moved to amend their complaint as to their First Amendment and Due Process claims.

On October 7, 2014, Magistrate Judge Steven I. Locke, to whom this case was reassigned, issued a Report and Recommendation ("Report"), recommending that plaintiffs' motion to amend be granted as to their First Amendment claim and denied as to their Due Process claim.

## II. Discussion

### A. Legal Standard

Title 28 U.SC. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination" . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

### B. Plaintiffs' Motion to Amend

*First Amendment Retaliation Claim*

According to the proposed amended complaint, on June 7, 2011, the Town, allegedly in retaliation for plaintiffs' January 2011 release of a YouTube video criticizing the Town's Avalon

Bay housing project, ticketed plaintiffs for failure to obtain a certificate of occupancy ("CO") for their residence. On February 14, 2012, plaintiffs requested an inspection from the Town to obtain a letter-in-lieu ("Letter") of a CO. On February 21, 2012, the Town's inspector issued a Final Inspection for Construction Prior to 1934, which indicated that the structure was safe and approved for a Letter. On June 20, 2012, Mrs. LaVertu pleaded guilty to violating the building code, paid a fine in the sum of $750 and was granted a conditional discharge, requiring her to "legalize" the dwelling within four (4) months. Based upon the approved Letter, Mrs. LaVertu presumed the residence was in compliance. On October 15, 2012, five (5) days prior to the deadline to fulfill the discharge conditions, the Town revoked the Letter and determined there was an additional violation on the property, all without notifying plaintiffs. On January 30, 2013, plaintiffs received a notice to appear in the Third District Court, County of Suffolk ("Town court"), after the Town sought a Declaration of Delinquency based upon the new violation and the revoked Letter. Ultimately, the Town court determined that the stipulations in the conditional discharge had been satisfied and granted Mrs. LaVertu's motion to vacate the discharge and/or dismiss the request for a Declaration of Delinquency.

Magistrate Judge Locke reported that in light of the Town's revocation of the Letter without proper authority and because the revocation was not served upon plaintiff until after the Town filed for a Declaration of Delinquency, the proposed amended complaint stated a First Amendment claim. Defendant, however, objects to the Report's finding of fact that the Letter was actually issued and revoked and argues that the Final Inspection letter ("inspection letter") establishes that the rescinded document was an inspection report and not an actual Letter.

It is of no moment, however, that a Letter was not actually issued because the fact is that

a Letter was approved by a Town inspector on February 14, 2012 and was, without notice or explanation to plaintiffs, disapproved by the Town eight (8) months later on October 15, 2012. Additionally, despite the fact that the Town filed for a Declaration of Delinquency on or around January 20, 2013, plaintiffs did not learn of the disapproved application until March 2013, when they appeared in Town court. Furthermore, the disapproval occurred just five (5) days prior to the expiration of the four (4) months plaintiffs were given to legalize their dwelling, leaving them with virtually no time to correct the alleged violation. Moreover, the Town refused to produce a copy of the disapproved application until after plaintiffs filed a request under New York's Freedom of Information Law. For these reasons, defendant's objection to the Report is overruled.

Defendant also objects to the Report on the ground that John LaVertu's application for a Letter discloses that since 1934, additions and structural alterations were made to the dwelling. Pursuant to the Town's building code, however, only buildings and structures wholly constructed prior to 1934 are subject to a Letter and, consequently, plaintiffs were required to obtain a CO.

As discussed above, the issue is not whether an actual Letter was issued or whether plaintiffs were entitled to one in the first instance. At issue is the Town's conduct towards plaintiffs after their video criticizing the Avalon Bay project was released. Accordingly, this objection is also overruled and plaintiffs' motion to amend their First Amendment claim is granted.

*Substantive Due Process Claim*

The Report recommends that plaintiffs' motion to amend their substantive due process

claim be denied because plaintiffs have not alleged sufficient facts to establish standing, nor have they alleged whether New York provides a compensatory regime or if they sought such compensation. Neither party has objected to this portion of the Report and for the reasons stated therein, the recommendation is adopted and the motion to amend the substantive due process claim is denied.

### III.  Conclusion

For the foregoing reasons, Magistrate Judge Locke's Report is adopted in its entirety and plaintiffs' motion to amend the complaint is **GRANTED** in part and **DENIED** in part. This matter is referred to Magistrate Judge Locke for discovery, to be completed by March 23, 2015. Any dispositive motions are to be filed by May 25, 2015 and the pretrial conference in this matter is adjourned from April 2, 2015 to July 20, 2015 at 11:15 a.m.

**SO ORDERED.**

Dated: November 24, 2014
      Central Islip, New York

                                    s/ Sandra J. Feuerstein

                                    Sandra J. Feuerstein, U.S.D.J.